UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD JAMES ADAMS, JR.,

    Petitioner,

vs.                                    Case No. 3:11-cv-944-J-39PDB

SECRETARY, DOC, et al.,

    Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on September 16, 2011.[1] He challenges his 2002 Duval County conviction for armed robbery.

---

[1] The Petition was filed with the Clerk on September 21, 2011; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (September 16, 2011). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

Under the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' Motion to Dismiss Untimely Petition and One Which Fails to State a Cause of Action (Response) (Doc. 12). In support of their contentions, they have submitted exhibits.[2] See Notice of Filing Exhibits (Doc. 13). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 5). Petitioner filed a Response to Order to Show Cause (Doc. 15). See Order (Doc. 16).

In light of Zack v. Tucker, 704 F.3d 917 (11th Cir.), cert. denied, 134 S.Ct. 156 (2013), the Court ordered supplemental responses, and the parties complied by filing Respondents' Response to Order of January 23, 2013 (Doc. 18), and Petitioner's Answer to the Respondents' Response (Doc. 20). Given the record, including that this is not "a multiple trigger date case," the Eleventh Circuit's decision in Zack has no impact on Petitioner's case.

The record shows the following. After a jury trial, Petitioner was found guilty of armed robbery. Ex. B at 63-64. The court entered judgment on October 1, 2002, and the sentence on November 15, 2002. Id. at 74-79. Petitioner appealed, id. at 87, Ex. D, Ex. E, and the conviction was affirmed on January 13, 2004.

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

Ex. F.  His conviction became final on April 13, 2004 (90 days after January 13, 2004) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The statute of limitations period began to run, and ran for 272 days, until Petitioner filed a Rule 3.850 motion on January 10, 2005, pursuant to the mailbox rule.  Ex. G at 1-14.  The circuit court entered an Order Denying Defendant's Motion for Postconviction Relief on April 6, 2010.  Id. at 225-49.  Petitioner moved for rehearing, id. at 395-96, and the court granted rehearing on one ground.  Id. at 397-99.  Petitioner filed an Amended 3.850 Motion for Post Conviction Relief, id. at 400-407, and the circuit court entered an Order Denying Defendant's Amended Motion for Postconviction Relief on October 25, 2010.  Id. at 408-411.  Petitioner appealed, id. at 415, and on March 28, 2011, the First District Court of Appeal affirmed per curiam.  Ex. I.  On May 24, 2011, the First District Court of Appeal denied rehearing.  Ex. J.  The mandate issued on June 9, 2011.  Ex. K.  Thus, the one-year limitations period was tolled until the mandate issued on June 9, 2011.

At this point, there were 93 days remaining in the one-year limitations period.  Therefore, the one-year limitations period

expired on Monday, September 12, 2011. Petitioner filed his federal Petition on Friday, September 16, 2011. Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

Of note, "[t]he limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546

U.S. 1108 (2006); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Based on a careful and complete review of the record, Petitioner has not met the burden of showing that equitable tolling is warranted. Indeed, Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. He had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will grant Respondents' Motion to Dismiss Untimely Petition and dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. <u>See</u> Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss Untimely Petition (Doc. 12) is **GRANTED**.

2. This case is **DISMISSED with prejudice**.

3. The **Clerk** shall enter judgment dismissing this case with prejudice.

4. The **Clerk** shall close the case.

5. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions

report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of April, 2014.

_____
BRIAN J. DAVIS
United States District Judge

sa 4/8
c:
Donald James Adams, Jr.
Ass't A.G. (Pate)